The Honorable Jo Ellen Carson State Representative P.O. Box 1886 Fort Smith, AR 72902-1886
Dear Representative Carson:
This is in response to your request for an opinion regarding income withholding by an employer pursuant to a court order for the support and maintenance of a child. See A.C.A. § 9-14-218 (Supp. 1999) and Section VII of Administrative Order Number 10 — Child Support Guidelines (Administrative Orders of the Supreme Court, 1999 ed.).
 According to correspondence attached to your request, the issue focuses on the pay practices of a particular employer with respect to vacation pay. Apparently, employees are not required to actually take vacation time from work, and they receive their vacation pay at one time prior to the period in which vacation can be taken. If the employer deducts child support from each vacation check and then the employee does not take any vacation time, the concern is that there will be an overpayment of child support when the employer makes the regular 52 weekly support deductions. The employer is thus asking whether it can establish an administrative practice of not making deductions from the vacation pay in anticipation of the employee working during that period. The specific question posed is as follows:
 Is the employer obligated to take the ordered amount from each weekly vacation check issued, or can the employer abstain from taking a withhold in order to approximate 52 weekly child support withholds in a full year's time?
RESPONSE
It is my opinion that the employer is not obligated to take the ordered amount from each vacation check as long as the amounts deducted from the employee's pay are sufficient to meet the court-ordered periodic child support payments. I have not been provided with a particular court order, but I assume that your question pertains to an order that requires periodic withholding of a specific amount necessary to meet the child support payments established by the court based upon the family support chart. See generally A.C.A. § 9-12-312(a)(2) (Supp. 1999) (requiring the court to refer to the most recent revision of the family support chart in determining a reasonable amount of support). Arkansas Code Annotated §9-14-218 must then be referenced wherein it states in relevant part:
 In all decrees or orders which provide for the payment of money for the support and care of any children, the court shall include a provision directing a payor to deduct from money, income, or periodic earnings due the noncustodial parent an amount which is sufficient to meet the periodic child support payments imposed by the court. . . .
A.C.A. § 9-14-218(a)(1)(A) (Supp. 1999).
Assuming, therefore, that the court in this instance ordered income withholding consistent with § 9-14-218, then it seems clear that the order simply establishes the requisite deductions in relation to the periodic child support imposed on the noncustodial parent. The amount withheld should ordinarily be paid at the same time the noncustodial parent is paid (see A.C.A. § 9-14-222(d)(3) and Administrative Order No. 10, Section VII, supra), e.g., weekly if the noncustodial parent is paid weekly, etc. Otherwise, in my opinion, the order is not directed toward the actual pay practices of the employer.
The employer should be aware, however, that in accordance with A.C.A. §9-14-225:
 A payor [employer] who has been notified of an order of income withholding shall be liable for any amount up to the accumulated amount which should have been withheld should he fail or refuse to withhold the income in accordance with the notice.
A.C.A. § 9-14-225(a) (Repl. 1998).
Thus, with regard to the particular factual scenario you have presented, it would seem that the employer runs the risk of under withholding if the required amount of support is not deducted from the vacation pay in anticipation of the employee working, and the employee then still takes a vacation. There will be no deductions during the period the employee is on vacation, and the employer will have failed at that point to withhold the "accumulated amount," i.e., the accumulated periodic child support payments. As indicated above, the employer is liable for this accumulated amount.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh